Filed 3/18/16  P. v. Messer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>KATRINA MARIA MESSER,<br><br>     Defendant and Appellant. | C078148<br><br>(Super. Ct. No. 13F02106) |

Appointed counsel for defendant Katrina Maria Messer has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

A jury convicted defendant of bringing a controlled substance into a penal institution (Pen. Code, § 4573; count two) and possession of methamphetamine, a misdemeanor (Health & Saf. Code, § 11377, subd. (a); count one).

On April 2, 2013, while on patrol near Watt Avenue and Myrtle Street, Deputy Sheriffs Zachary Rose and Christopher Britton contacted defendant, arrested her, and conducted a patdown search. During the search, a clear plastic bag containing 6.74 grams of methamphetamine, a usable amount, fell from defendant's pant leg.[1] She stomped on the bag and eventually pushed the bag under the patrol car. She was handcuffed and secured in the patrol car and the bag was retrieved. During transport to the jail, the deputies informed defendant that if she had any additional contraband on her person she should say so before entering the jail where she would be strip searched, otherwise she would face additional felony charges. At no point did defendant claim to have any additional drugs on her person; in fact, she denied having anything on her person. Upon entering the jail, a sign warned of the same consequences of bringing contraband into the jail. After she was booked, she was strip searched by a female officer who found a clear plastic baggie containing 0.05 grams of methamphetamine, a usable amount, in defendant's bra, which defendant tried to conceal.

Defendant testified at trial and denied possessing any of the drugs, claiming Deputy Rose dropped the bag on the road in front of her foot and planted the bag on her person when he fondled her during his patdown search or at the jail. Defendant claimed the deputies called her inappropriate names. She denied having been warned about felony consequences for bringing drugs into the jail. Defendant claimed the baggie fell out of her panties during the strip search.

Deputy Rose denied calling defendant names, denied planting the evidence, and denied inappropriately touching defendant. He did write in his report that defendant had accused him of fondling her breast. Deputy Karin Cole who conducted the strip search

---

[1]     At a suppression hearing, Deputy Rose testified defendant was arrested on an outstanding warrant.

was positive the methamphetamine was removed from defendant's bra and nothing was found in defendant's panties.

The trial court suspended imposition of sentence and granted probation for a term of five years subject to certain terms and conditions including jail time and various fees and fines. Defendant appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/
——————————————
HOCH, J.

We concur:

/s/
——————————————
HULL, Acting P. J.

/s/
——————————————
DUARTE, J.

3